State v. Brunson.

unlawful consideration, may be plead in avoidance of a deed, bond, or note.

The case of Ford v. Atwater, tried at New Haven adjourned Superior Court, A. D. 1773, is to this point; one Graham a bankrupt by the assistance of some friend put on the appearance and dress of a man of property, and applied to the plaintiff to purchase a pair of oxen; the plaintiff not being acquainted with his circumstances, but from his appearance and address, took him to be a man of property, sold him his oxen upon credit, and took his note for them; soon after Ford discovered that said Graham was a bankrupt, and a very great villain, and that the dress and appearance he wore, was not his own, but borrowed for the purposes of deception. Ford finding his oxen in the possession of said Atwater, who pretended he had them in keeping for Graham, demanded them and brought his action of trover for them and recovered, upon the ground that the property never passed out of him by reason of the fraud in the purchase.

## MOSES ET UX. v. GUNN & LEE.

Depositions admissible in *qui tam* prosecutions.
Depositions taken out of the state within twenty miles of the adverse party, notice must be given.

IN a *qui tam* prosecution for an assault and battery committed upon the wife, it was determined, that depositions taken out of court pursuant to the statute, are admissible in actions of *qui tam*. Also determined, that depositions taken in this state within twenty miles of the adverse party, who lives out of the state, are not legally taken, unless notice is given. Whiting and Frisbie v. Jewet, Kirby's Rep. 1.

## STATE v. BRUNSON.

On an information for forgery, the person in whose name the forgery is, cannot be a witness to prove the forgery.

INFORMATION for a forgery. It was determined, that the person in whose name the instrument is forged, cannot be a witness to prove the forgery. Also, that comparison of the handwriting of the party, is admissible evidence in a criminal prosecution; and like all other evidence to be left to the triers to weigh and consider.

In an information v. B. Howard, for a forgery; Bradway, in whose name the note was forged, was not admitted to testify, although the note had been found by judgment of court not to be his note.   Windham, March Term, 1789.

### STATE V. NETTLETON.

The handwriting of the person in whose name the forgery was committed allowed to go to the jury.

The person, to whom the forged instrument was passed, may be a witness.

INFORMATION for a forgery.   In this case the handwriting of     Hall, in whose name the instrument was forged was given to the jury.   It was also determined, that the person to whom the forged instrument was passed, might be a witness, notwithstanding he would be entitled to an action for his damage.

### FOOT V. FOOT.

Equity will not interpose to relieve against the negligence of the petitioner.

ERROR to reverse a decree in chancery of the County Court, in a petition John Foot v. Timothy Foot; alleging that Timothy prosecuted him for a forgery; that the jury on Saturday brought in their verdict, that he was guilty, which was recorded by the court; that a motion in arrest was made and exhibited to the court, and the cause laid over to the Tuesday following; that said Timothy under the cloak of fraternal love and tenderness, advised the petitioner to settle the matter, and save himself and family from the disgraceful punishment of the pillory, and offered that he would settle for a small matter; that he went home and advised with his family and friends, who in tears, advised him to settle by all means.   And that he returned to court on Tuesday, fully determined to settle with his brother at all events; when to his great surprise his brother asked him the enormous sum of £60 lawful money, and threatened to prosecute him with rigor, unless he would settle and give him this sum.   The petitioner being ignorant of said motion in arrest, did settle and gave said Timothy £50 lawful money, and secured it by seven pound notes, when in fact said verdict would have